UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID MCFARLAND,

    Petitioner,

v.                                                  CASE NO. 6:10-cv-1142-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 7).

Petitioner alleges one claim for relief in his petition: newly discovered evidence proves that Petitioner is actually innocent of the offenses for which he is incarcerated. As discussed hereinafter, the Court concludes that the petition is untimely and otherwise subject to denial.

I.    *Procedural History*

In 1991, Petitioner David MacFarland was charged in nine cases with numerous offenses.[1] On April 15, 1992, the State filed a nolle prosequi in Case Number 1991-CF-9037.

---

[1] Petitioner was charged in the following cases as follows: (1) 1991-CF-7194 - Count 1: Attempted Burglary of a Dwelling, and Count 2: Resisting Officer without Violence; (2)

Thereafter, on May 14, 1992, Petitioner entered an open plea of nolo contendere to the court to the remaining charges in these cases, except to Count 3 in Case Number 1991-CF-9030, which the State nol prossed. (App. B at 238-242). The state court sentenced Petitioner in pertinent part in case number 1991-CF-9417 to a forty-year term of imprisonment as a habitual felony offender for the armed burglary conviction (count one). On August 4, 1992, the state court imposed concurrent lesser sentences on the majority of Petitioner's remaining convictions but imposed a consecutive fifteen-year term of probation as to some of his convictions. (App. C at 243-253). Petitioner did not appeal.

Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct sentence on April 10, 1995.[2] (App. E). On April 27, 1995, the trial court denied the motion.

---

1991-CF-9026, Count 1: Burglary of a Dwelling, and Count 2: Grand Theft Third Degree; (3) 1991-CF-9027, Count 1: Burglary of a Dwelling, Count 2: Grand Theft Third Degree, Count 3: Grand Theft of a Motor Vehicle, and Count 4: Grand Theft of a Motor Vehicle; (4) 1991-CF-9028, Count 1: Burglary of a Dwelling, and Count 2: Grand Theft Third Degree; (5) 1991-CF-9029, Count 1: Forgery, Count 2: Uttering a Forgery, and Count 3: Petit Theft; (6) 1991-CF-9030, Count 1: Forgery, Count 2: Uttering a Forgery, and Count 3: Petit Theft; (7) 1991-CF-9033, Count 1: Burglary of a Dwelling, and Count 2: Grand Theft Third Degree; (8) 1991-CF-9037, Count 1: Grand Theft of a Motor Vehicle; and (9) 1991-CF-9417, Count 1: Armed Burglary of a Dwelling, Count 2: Grand Theft Third Degree, Count 3: Grand Theft Third Degree, and Count 4: Grand Theft of a Motor Vehicle. (App. A).

[2]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

(App. F.) Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*. Mandate was issued on September 15, 1995. (App. I.)

Petitioner, through counsel, filed a second Rule 3.800(a) motion on April 25, 2002. (Doc. No. 6-2 at 51.) The state court denied the motion on May 8, 2002. *Id*. at 56. Petitioner's counsel filed an appeal, which was dismissed for lack of jurisdiction as it was untimely. *Id*. at 75. Petitioner sought a belated appeal, which the Fifth District Court of Appeal granted on March 3, 2003. *Id*. at 146. The appellate court affirmed the denial of the motion *per curiam*. Mandate was issued on May 23, 2003. (Doc. No. 6-3 at 22.)

On July 1, 2003, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, alleging *inter alia* that newly discovered evidence established that he was actually innocent of the armed burglary of a dwelling and grand theft of a motor vehicle in case number 1991-CF-9417. *Id*. at 43. In support of the motion, Petitioner filed the May 30, 2003 affidavit of John Wright ("Wright"), wherein Wright attested that he committed the offenses. *Id*. at 46-48. The state court ordered an evidentiary hearing on the claim and subsequently denied relief. (Doc. No. 6-4 at 37-43.) In denying relief, the state court reasoned that the claim of newly discovered evidence could have been discovered with due diligence within two years from July 1995, when the statute of limitations expired on the offenses. *Id*. As such, the state court concluded the claim was untimely. *Id*. at 42. Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed in a written opinion. *Id*. at 109. Mandate was issued on April 26, 2006. *Id*. at 115.

On February 7, 2008, Petitioner filed another Rule 3.800(a) motion. *Id*. at 128. The state court denied the motion on March 18, 2008. *Id.* at 132. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam* . *Id*. at 159. Mandate was issued on September 5, 2008. *Id.* at 161.

On approximately September 9, 2008, Petitioner filed a fifth Rule 3.800(a) motion. On September 18, 2008, the state court denied the motion as successive. *Id*. at 170. Petitioner did not appeal.

On April 20, 2009, Petitioner filed a sixth Rule 3.800(a) motion. *Id*. at 172. The state court denied the motion on April 24, 2009. *Id*. at 183. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*. (Doc. No. 6-4 at 21.) Mandate was issued on November 25, 2009. *Id*. at 23.

Petitioner filed his habeas petition in this Court on June 18, 2010.

## II.    *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

A prisoner, such as Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's instant petition was filed on June 18, 2010, under the mailbox rule. Because the one-year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed.

Petitioner does not dispute that his petition is untimely. Instead, he argues that the one-year limitation should not bar his claim because he is "actually innocent." For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by §

5

2244(d).[3] "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

In the present case, Petitioner does not support his allegation of innocence with sufficient reliable evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316. In support of his claim of actual innocence, Petitioner relies on the 2003 affidavit and later testimony of Wright.

Wright, who was Petitioner's co-defendant in several of his criminal cases, attested and testified that Petitioner did not commit the offenses of armed burglary and grand theft in case number 1991-CF-9417, but instead he (Wright) committed the offenses. (Doc. No. 6-3 at 102.) In discussing the offenses, Wright stated that he thought the vehicle he had

---

[3]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

stolen in the commission of the crimes was a Skylark.[4]  *Id.* at 125.  Wright indicated that Petitioner bought the stolen goods taken in the commission of the offenses.  *Id.* at 102.  Wright testified that he did not confess his guilt of the offenses until after the statute of limitations expired because he did not want to be convicted of the offenses.[5]  Wright admitted that he had been convicted of several felonies and crimes involving dishonesty and had been a drug user.  *Id.* at 100, 118.  Wright further admitted that he and Petitioner had been friends since approximately 1987.  *Id.* at 103.  Wright testified that he would have admitted his guilt of the offenses at an earlier date, after the statute of limitations had expired, had he been contacted by anyone about the matter.  *Id.* at 105.    Petitioner likewise testified that he did not commit the offenses in case number 1991-CF-9417.  (Doc. No. 6-4 at 13.)  Petitioner admitted, however, that he knew that Wright had committed the offenses at the time he entered his plea but thought entering the plea would be in his best interest given the number of charges and potential sentences he was facing.  *Id.* at 12-13.

After review of the evidence, the Court concludes that Wright's testimony and affidavit are not reliable.  First, Wright waited approximately thirteen years after the offenses to confess his guilt.  *See, e.g., Milton*, 347 F. App'x at 531-32 (noting that reliability of affidavits may be called into question by substantial delay in submission of affidavits

---

[4]Skylarks were produced by Buick.  The charging information reflects that the vehicle stolen in case number 1991-CF-9417 was a Dodge.  (Doc. No. 6-1 at 26.)  Furthermore, in pleadings filed in the state court, Petitioner referred to the vehicle taken in case number 1991-CF-9417 as a Dodge Sprint.  (Doc. No. 6-4 at 120.)

[5]The statute of limitations for the offenses expired in July 1995 according to the state court.

7

from time of offenses); *see also Schlup*, 513 U.S. at 332 (noting that "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence"). Furthermore, Wright admitted that he has been convicted of numerous felonies and crimes of dishonesty and had been a drug user, which further calls his credibility into question. Additionally, Wright did not identify the correct vehicle that was stolen in case number 1991-CF-9417. Finally, Wright admitted that he and Petitioner had been friends for years, a potential motive for providing untruthful testimony. *See, e.g., Milton*, 347 F. App'x at 532 (reasoning reliability of affiants was called into question because they were friends or family members of the petitioner). For all of these reasons, the Court determines that the evidence relied on by Petitioner to support his actual innocence claim is not reliable.

Moreover, the Court notes that Petitioner admitted that he knew when he entered his plea that Wright had committed the offenses. As such, although Wright may not have been required to testify at Petitioner's trial, Petitioner clearly could have testified himself that Wright committed the offenses had he chosen to proceed to trial. In other words, the Court questions whether Wright's subsequent willingness to admit he committed the offenses can serve to make the evidence "new," such that it could not have been presented at trial.

In sum, the Court concludes that Petitioner has not presented new, reliable evidence demonstrating his actual innocence. Therefore, he does not come under the actual

8

innocence exception, if such an exception exists.[6]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[6]Alternatively, the Court notes that Petitioner's claim is procedurally barred from review by this Court as the state court found it to be untimely. Furthermore, even if the claim was not procedurally barred, a claim of actual innocence based on newly discovered evidence is not cognizable in habeas proceedings because federal habeas relief is designed to rectify constitutional violations, rather than factual errors. *See Herrera v. Collins,* 506 U.S. 390, 390-91 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings."); *Townsend v. Sain*, 372 U.S. 293 (1963) ("[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not ground for relief on federal habeas corpus."); *Mize v. Hall*, 532 F.3d 1184, 1195 (11th Cir. 2008) ("A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim."); *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."); *Drake v. Francis*, 727 F.2d 990, 993 (11th Cir. 1984) ("In order for a claim of newly discovered evidence to justify habeas review, the evidence must bear on the constitutionality of the defendant's conviction."). A review of the record demonstrates that Petitioner does not contend that a constitutional violation occurred in the course of his criminal proceedings. Instead, his claim is merely that newly discovered evidence demonstrates his innocence. Thus, Petitioner's claim is procedurally barred and not cognizable in the instant proceeding.

9

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of December, 2011.

Copies to:
OrlP-1 12/19
David MacFarland
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE